# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| **OTIS LEONARD,** | ] |
| | ] |
| Plaintiff, | ] |
| | ] |
| v. | ]  Case No. 04-BE-2620-E |
| | ] |
| **AMERICAN COLOR GRAPHICS, INC.,** | ] |
| | ] |
| | ] |
| Defendant. | ] |

## MEMORANDUM OPINION

### INTRODUCTION

This case is before the court on Defendant's Motion to Dismiss Plaintiff's Amended Complaint (doc. 16) and Defendant's Motion for Summary Judgment (doc. 28).

For the reasons set forth below, the court finds that the Motion to Dismiss is due to be **GRANTED in part and DENIED in part**. Specifically, Defendant's Motion as to Count One's racial harassment claim under Title VII and Count Two's disability claim under the Americans with Disabilities Act is **GRANTED**. Defendant's Motion to Dismiss as to all other claims is **DENIED**.

The court also finds that Defendant's Motion for Summary Judgment is due to be **GRANTED in part and DENIED in part**. Specifically, Defendant's Motion as to Count One's racial harassment claim under 28 U.S.C. § 1981, Count Three's age discrimination claim under 29 U.S.C. § 621, and Count Four's age discrimination claim under Ala. Code § 25-12-22 is **GRANTED**. Defendant's Motion as to Count One's racial discrimination claims under Title VII and 28 U.S.C. § 1981 is **DENIED**.

## FACTS

Plaintiff Otis Leonard is an African-American male over the age of forty. He has been diagnosed with high blood pressure. At the time relevant to this lawsuit, Plaintiff was employed by American Color Graphics, Inc.

Defendant American Color Graphics, Inc. is a commercial printing company that owns and operates facilities across the country that print newspaper inserts such as Walgreens and Home Depot circulars. Defendant hired Plaintiff to work at its Sylacauga facility in August 1985. Other than a temporary break in employment from early 1992 through January 1993 due to a plant layoff, Plaintiff worked at this facility until September 3, 2003.

Defendant's production employees work a rotating schedule consisting of a week of day shifts (7 a.m. to 3 p.m.), a week of evening shifts (3 p.m. to 11 p.m.) and a week of night shifts (11 p.m. to 7 a.m., also referred to as the "swing shift.") The Sylacauga facility has two press departments - the Flexo and the Offset. The Offset presses are staffed by four, four-man crews consisting of a Person-in-Charge ("PIC"), Second Pressman, Roll Man, and Delivery Operator. The four employees working on the presses generally rotate through their shifts together. Plaintiff worked on the Offset Press from 1999 until he began short term disability leave in September 2003.

In April 2003, Plaintiff's treating physician, Basil Refai, M.D., restricted Plaintiff from working the swing shift (11 p.m. to 7 a.m.) because he believed it caused or was contributing to a dangerous increase in Plaintiff's blood pressure. In accordance with Dr. Refai's restriction, Defendant accommodated Plaintiff by allowing him to only work the day and evening shift from approximately early May 2003 through early September 2003.

In the summer of 2003, Defendant determined that it could not permanently accommodate Plaintiff's restrictions. Management met with Plaintiff twice that summer to work out a solution. Ultimately, Defendant determined it had no available positions that did not require a swing shift and for which Plaintiff was qualified. On September 3, 2003, Defendant placed Plaintiff on short-term disability leave, and officially terminated Plaintiff in December 2004.

## STANDARD OF REVIEW

### I. Motion to Dismiss.

"The threshold of sufficiency that a complaint must meet to survive a motion to dismiss for failure to state a claim is...exceedingly low." *Ancata v. Prison Health Serv's., Inc.*, 769 F.2d 700, 703 (11th Cir. 1985) (internal quotations omitted). In reviewing a motion to dismiss for failure to state a claim upon which relief can be granted, the court must construe all factual allegations as true and resolve them in the light most favorable to the plaintiff. *Beck v. Deloitte & Touche*, 144 F.3d 732, 735 (11th Cir. 1998). The court may grant the motion only if the court clearly and beyond doubt cannot award the plaintiff relief under any set of facts that could be proved consistent with the allegations of the complaint. *See Id*. at 735. "In seeking dismissal for failure to state a viable claim, a defendant thus bears the very high burden of showing that the plaintiff cannot conceivably prove any set of facts that would entitle him to relief." *Id*. at 735-36.

### II. Motion for Summary Judgment.

Summary judgment allows a trial court to decide cases where no genuine issues of material fact are present. *See* Fed. R. Civ. P. 56. A court must determine two things: (1) whether

any genuine issues of material fact exist; and if not, (2) whether the moving party is entitled to judgment as a matter of law. *Id*.

The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56). The movant can meet this burden by offering evidence showing no dispute of material fact, or by showing that the nonmoving party's evidence fails to meet some element of its case on which it bears the ultimate burden of proof. *Celotex*, 477 U.S. at 322-23. Once the movant meets this burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial." *Id*. at 324 (quoting Fed. R. Civ. P. 56(e)). The responding party does not need to present evidence in a form admissible at trial; "however, he may not merely rest on [his] pleadings." *Id*.

In reviewing the evidence submitted, "the evidence of the nonmovant is to be believed and all justifiable inferences are to be drawn in [his] favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). "The nonmovant need not be given the benefit of every inference but only of every reasonable inference." *Graham v. State Farm Mutual Ins. Co.*, 193 F.3d 1274, 1282 (11th Cir. 1999). After both parties have addressed the motion for summary judgment, the court must grant the motion if no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. However, the nonmovant can defeat

summary judgment by showing either a genuine issue of material fact or that the movant is not entitled to judgment as a matter of law.

## DISCUSSION

**I. Defendant's Motion to Dismiss.**

On February 24, 2005, Plaintiff filed a Motion to Amend Complaint and a Proposed Amended Complaint (doc. 11). The Proposed Amended Complaint contains three new claims: (1) racial harassment under Title VII and § 1981; and (2) disability discrimination under the ADA. The court granted Plaintiff's Motion. On March 10, 2005 Defendant filed a Motion to Dismiss Plaintiff's Amended Complaint (doc. 16). Defendant argues that Plaintiff's Title VII racial harassment claim and the ADA claim should be dismissed because they were not timely filed.

**A. Plaintiff's Title VII claim for racial harassment claim.**

Defendant argues that Plaintiff's Title VII racial harassment claim must be dismissed because Plaintiff failed to file this claim with the EEOC within one hundred and eighty days of the alleged harassment. Pursuant to Title VII, a plaintiff must satisfy certain prerequisites before filing a federal cause of action. Specifically, a charge of discrimination must be filed with the EEOC within 180 days after the allegedly unlawful employment practice occurred. *See* 42 U.S.C. § 2000e-(5)(e)(1). The United States Supreme Court has explained that "strict adherence" to this procedural requirement "is the best guarantee of evenhanded administration of the law." *Mohasco v. Silver*, 447 U.S. 807, 826 (1980). "Thus, if a plaintiff fails to file an EEOC charge before the 180-day limitations period, the plaintiff's subsequent lawsuit is barred and must be dismissed for failure to exhaust administrative remedies." *Thomas v. Alabama*

*Council on Human Relations, Inc.*, 248 F. Supp. 2d 1105, 1114-15 (M.D. Ala. 2003).

The Eleventh Circuit has defined the scope of an EEOC complaint to "encompass[]any kind of discrimination *like or related to* allegations contained in the charge and growing out of such allegations during the pendency of the case before the commission." *Turner v. Orr*, 804 F.2d 1223, 1226 (11th Cir. 1986) (emphasis added) (citing *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 466 (5th Cir. 1970). "The scope of the judicial complaint is limited to the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Turner*, 804 F.2d at 1226.

In this case, the last act of alleged harassment occurred on or before September 3, 2003 - the day Plaintiff went on disability leave. Consequently, Plaintiff was required to file an EEOC charge no later than March 2004. Plaintiff filed an EEOC charge on October 20, 2003, but that particular charge alleged racial discrimination, and did not reference any allegation of racial harassment. Plaintiff contends that the Amended Complaint's Title VII racial harassment claim is based on the allegations specified in his EEOC charge. The issue is whether this claim for racial harassment can be reasonably inferred from the EEOC charge. If it cannot, then the Title VII harassment claim was not filed within the requisite one hundred and eighty day time period, and is, therefore, time-barred.

The Fifth Circuit addressed a similar scenario in *Hornsby v. Conoco, Inc.*, 777 F.2d 243 (5th Cir. 1985). In *Hornsby,* the plaintiff filed an EEOC charge on May 29, 1981, alleging unlawful discrimination based on sex, age, and retaliation. *Id*. at 245. Approximately seven months later, on January 4, 1982, the plaintiff amended her EEOC charge "indicating that the cause of discrimination was sex, age, retaliation, *and* sexual harassment." *Id*. The amended

EEOC charge was filed more than one hundred and eighty days after the alleged unlawful conduct occurred. The issue before the court was whether the sexual harassment claim was sufficiently like or related to the allegations of the original charge. The Fifth Circuit concluded that the sexual harassment claim was time-barred, reasoning as follows:

> The facts included in the [original EEOC] complaint make no reference to sexual harassment. When Hornsby amended her complaint in January, she added both a *new and independent charge*, sexual harassment, and *new and independent facts* to support this claim. Her actions were far more substantive than merely cures to technical defects....

*Id*. at 247 (emphasis added). Therefore, the court found that the plaintiff's additional claims were barred by the one hundred and eighty day requirement.

In this case, Plaintiff did not even attempt to amend his EEOC complaint. This court concludes that Plaintiff's racial harassment claim is not sufficiently like or related to the discrimination claim asserted in the EEOC Charge. The EEOC Charge contains allegations of racial discrimination with respect to hiring, promotion, pay, and other employment terms. However, the EEOC Charge does not allege that Plaintiff was subjected to racial jokes, slurs, or race-based harassment - the basis for his harassment claim asserted for the first time in his Amended Complaint. Nor does the EEOC charge set forth a claim for racial harassment. The claim raised in the Amended Complaint, on the other hand, is a new and independent charge of racial harassment, supported by allegations of new and independent facts.

Moreover, racial harassment is a separate and independent cause of action from racial discrimination that requires a different legal analysis. *See Miller v. Kenworth of Dothan, Inc.*, 277 F.3d 1269, 1275 (11th Cir. 2002) (stating that the legal test for a Title VII race-based hostile work environment claim requires the plaintiff to show: (1) that he belongs to a protected group;

(2) that he was subject to unwelcome harassment; (3) the harassment must have been based on a protected characteristic of the employee; (4) the harassment was sufficiently severe or pervasive; and (5) the employer was responsible for the environment); *Maynard v. Bd. of Regents of the Division of the Univ. of Fla. Dept. of Ed.*, 342 F.3d 1281, 1289 (11th Cir. 2003) (stating that the legal test for a Title VII race-based discrimination claim requires the plaintiff to show: (1) that he is a member of a protected class; (2) he was qualified for his job; (3) he suffered an adverse employment action; and (4) he was replaced by a person outside his protected class or was treated less favorably than a similarly situated person outside his protected class.)  The only characteristic common to these tests is the requirement that the plaintiff show he belongs to a protected class.  Nothing else in the test for racial discrimination would lead to an inference of a claim for racial harassment.

Plaintiff's Title VII racial harassment claim cannot be inferred from the EEOC charge. Accordingly, Defendant's Motion as to Count One's Title VII racial harassment claim is **GRANTED**.

### B. Plaintiff's ADA claim for disability discrimination.

Defendant asserts that Plaintiff's disability claim must be dismissed because it was not asserted until more than ninety days after receiving a notice of right to sue.  "Congress has directed the EEOC to exercise the same enforcement powers, remedies, and procedures that are set forth in Title VII of the Civil Rights Act of 1964 when it is exercising the ADA's provisions against employment discrimination on the basis of disability." *EEOC v. Waffle House, Inc.*, 534 U.S. 279, 285 (2002); *see also* 42 U.S.C. § 12117(a).  A plaintiff seeking to file suit under Title VII must first file a charge of discrimination with the EEOC within 180 days after the alleged

8

unlawful employment practice occurred.  42 U.S.C. § 2000e-5(3).  Title VII also requires that a plaintiff file suit within 90 days after receiving a Notice of Right to Sue from the EEOC.  42 U.S.C. § 2000e-5(f)(1).  As previously stated, strict adherence to these procedural requirements "is the best guarantee of evenhanded administration of the law."  *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984).

Plaintiff filed his EEOC charge on October 20, 2003.  That charge made reference to disability discrimination.  Plaintiff received his notice of right to sue on June 2, 2004, and filed his federal lawsuit on August 31, 2004.  The original Complaint contained claims for racial and age discrimination only.  Plaintiff filed an Amended Complaint on February 14, 2005 - more than 9 months after receiving his notice of right to sue.  The Amended Complaint added a claim for disability discrimination.  Defendant argues that (1) Plaintiff's claim for disability was not timely filed within 90 days; and (2) the fact that Plaintiff alleged disability discrimination in his EEOC charge but did not bring that same cause of action in his original Complaint demonstrates that he intended to abandon his claim.

Plaintiff argues that the disability claim relates back to the original pleading pursuant to Fed. R. Civ. P. 15(c)(2) because the claim arises out of the same conduct, transactions, and occurrences as set forth in the original pleading.  The court, however, does not find this argument persuasive.  Two paragraphs of the original Complaint make reference to Plaintiff's medical condition, but the allegations of differential treatment are specifically based on race and/or age rather than disability.  In fact, none of the enumerated causes of action asserted in the original Complaint set forth a claim for disability discrimination; instead, the claims focus on race and age discrimination.  Thus, the original Complaint did not give Defendant any notice that Plaintiff

9

intended to pursue a claim under the ADA.

Plaintiff also cites two Fifth Circuit opinions in support of his proposition that the Amended Complaint's allegations of disability discrimination relate back to the date of the original Complaint. *See Sessions v. Rusk State Hospital*, 748 F.2d 1066, 1070 (5th Cir. 1981) (providing that a Title VII claim asserted in an amended complaint relates back to the original § 1981 claim because "both claims in essence assert the same charge of racial discrimination..."); *Caldwell v. Martin Marietta Corp.,* 632 F.2d 1184, 1188 (5th Cir. 1908) (permitting "Plaintiff's attempt to file an Amended Complaint alleging the same facts and merely seeking to recover under the additional basis of Title VII as well as § 1981..."). In those cases, the plaintiffs sought to add claims that were closely related to allegations in the original complaint. In both *Sessions* and *Caldwell*, the Fifth Circuit permitted an amended complaint to allege Title VII claims that were based on the *same* charge of discrimination that was stated in the original complaint. *See Sessions*, 648 F.2d at 1070 (determining that "the Title VII and Section 1981 claims were based on identical facts and identical allegations of discrimination"); *Caldwell*, 632 F.2d at 1186 (stating that "the facts necessary to support a [racial discrimination] claim for relief under Title VII are nearly identical to the facts which support a claim under s 1981..."). In this case, the Amended Complaint's allegation of *disability* discrimination is not based on the facts giving rise to the original Complaint's claims for *racial* and *age* discrimination. Rather, the Amended Complaint lists multiple new factual allegations regarding Plaintiff's disability, and includes a completely new count of disability discrimination based on the ADA. Accordingly, the disability claim does not arise out of the same "conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading..." Fed. R. Civ. P. 15(c)(2). Therefore, Plaintiff cannot claim

the benefit of the relation back doctrine.

This court concludes that Plaintiff's disability claim was untimely filed. The Amended Complaint alleges a cause of action for disability discrimination that was not mentioned in the original Complaint. Plaintiff received a notice of right to sue for his disability claim on June 2, 2004 and did not assert a disability discrimination claim until February 14, 2005 - well outside the ninety day limitations period. Because Plaintiff brought an alleged disability discrimination claim in his EEOC charge but did not bring that same cause of action in his original Complaint, Defendant could reasonably conclude that Plaintiff intended to abandon that claim. Defendant's Motion to Dismiss Count Two's disability discrimination claim is **GRANTED**.

**II. Defendant's Motion for Summary Judgment.**

On July 14, 2005, Defendant filed a Motion for Summary Judgment (doc. 28) as to all of Plaintiff's claims. Based on this court's resolution of Defendant's Motion to Dismiss, the remaining claims include Count One's racial discrimination (Title VII and § 1981) and racial harassment (§ 1981) claims; Count Three's age discrimination claim (29 U.S.C. § 621); and Count Four's age discrimination claim (Ala. Code § 25-12-22).

**A. Plaintiff's racial harassment and disability discrimination claims.**

Plaintiff filed a Corrected Response to Defendant's Motion for Summary Judgment (doc. 46) on August 23, 2005. In his Response, Plaintiff failed to rebut Defendant's arguments regarding racial harassment and age discrimination. In opposing a motion for summary judgment, "a party may not rely on his pleadings to avoid judgment against him." *Ryan v. Int'l Union of Operating Engineers, Local 675*, 794 F.2d 641, 643 (11th Cir. 1986). The district court bears no burden to distill every potential argument that could be made based upon the materials

11

before it on summary judgment. *Blue Cross & Blue Shield of Ala. v. Weitz*, 913 F.2d 1544, 1550 (11th Cir. 1990). Rather, the onus rests upon the parties to formulate arguments; grounds alleged in the complaint but not relied upon in summary judgment are deemed abandoned. *Road Sprinkler Fitters Local Union No. 669 v. Independent Sprinkler Corp.*, 10 F.3d 1563, 1568 (11th Cir. 1994) (determining that district court properly treated as abandoned a claim alleged in the complaint but not raised by the plaintiff in its own motion for summary judgment or in opposition to a defendant's motion for summary judgment) (*citing Lazaara v. Howard A. Esser, Inc.*, 802 F.2d 260, 269 (7th Cir. 1986) (holding that a ground not pressed in the district court in opposition to a motion for summary judgment is to be treated by the district court as abandoned.))

Because Plaintiff did not address his racial or disability discrimination claims, the court finds that Defendant's Motion for Summary Judgment as to Count One's racial harassment claim under 28 U.S.C. § 1981, Count Three's age discrimination claim under 29 U.S.C. § 621, and Count Four's age discrimination claim under Ala. Code § 25-12-22 is **GRANTED**. The only remaining claims for the court to consider are Plaintiff's racial discrimination claims pursuant to Title VII and § 1981.

   **B. Plaintiff's racial discrimination claims.**

Plaintiff alleges that he was discriminated against by Defendant because of his race when he was not provided another position in the Sylacauga facility, and, thus, had to go on short term disability leave in September 2003. Specifically, Plaintiff claims that white employees with alleged disabilities were accommodated by Defendant by allowing those employees to work other positions in lieu of going on short term disability. Plaintiff also claims that he was eventually

replaced by a white employee.

The test for intentional discrimination under § 1981 is the same as the test used in Title VII cases. *Brown v. American Honda Motor Co., Inc.*, 939 F.2d 946, 949 (11th Cir. 1991). To survive summary judgment on a discrimination claim, the plaintiff must establish either direct or circumstantial evidence of intentional discrimination. *See Stallworth v. Shuler*, 777 F.2d 1431, 1433 (11th Cir. 1985). If the plaintiff seeks to establish a discrimination claim based on circumstantial evidence, the *McDonnell Douglas* analytical framework applies. *McDonnell Douglas v. Green*, 411 U.S. 792 (1973). Under this framework, the plaintiff bears the initial burden of establishing a *prima facie* case by at least a preponderance of the evidence. *Id*. at 802. If the plaintiff succeeds, the burden then shifts to the defendant to "articulate some legitimate, non-discriminatory reason" for the employer's action. *Id*. at 802-03. Provided the defendant meets this burden, the plaintiff must then show by a preponderance of the evidence that the defendant's proffered reasons were a pretext for discrimination. *Id*. at 804.

### 1. Plaintiff's *prima facie* case of race discrimination.

Defendant argues that Plaintiff cannot offer any facts that would demonstrate a *prima facie* case of race discrimination. To establish a *prima face* case of race discrimination, a plaintiff must prove that he (1) is a member of a protected class; (2) was qualified for the position; (3) was subjected to adverse employment action; and (4) was treated less favorably than similarly situated employees outside his protected class and/or was replaced by a person outside his protected class. *See Holifield v. Reno*, 115 F.3d 1555, 1562 (11th Cir. 1997); *see also McDonnell Douglas v. Green*, 411 U.S. at 802.

The record is undisputed that Plaintiff is a member of a protected class; thus, the first

prong of the *prima facie* case is satisfied. The record also contains Defendant's Statement of Position Letter to the EEOC and Defendant's Responses to Plaintiff's Interrogatories as evidence that (1) at least one stacker repair position was available at the time Plaintiff was placed on disability; and (2) Plaintiff was qualified for this position.[1] Plaintiff's own testimony asserts that he was never offered this position, or any other day shift position, and would not have declined such an offer had it been made.[2] Evidence shows that the only available stacker repair position was filled by Greg Haisten, a white employee. Moreover, the stacker repair position does not require a swing shift.

Examined in the light most favorable to the non-moving party, the record contains a genuine issue of fact with respect to the stacker repair position that Haisten filled. A reasonable fact-finder could conclude that (1) Plaintiff is a member of a protected class; (2) a stacker repair position was available on the day shift; (3) Defendant knew Plaintiff was looking for a day shift job; (4) Plaintiff was qualified for the job; and (5) the job was given to a white employee. Even if Defendant provides overwhelming evidence to the contrary, Plaintiff satisfied his burden to show a genuine issue of fact, and thus defeats summary judgment as to the *prima facie* case.

Defendant argues Haisten is not a proper comparator for the purposes of establishing a *prima facie* case of discrimination. The Eleventh Circuit has held that "to meet the comparability requirement a plaintiff is required to show that he is *similarly situated in all relevant aspects* to the non-minority employee." *Silvera v. Orange County School Board*, 244 F.3d 1253, 1259 (11th Cir. 2001) (emphasis added). Within this Circuit, "[a] court should also compare the relevant

---

[1] Pl.'s Ex. 2, p. 3; Pl.'s Ex. 3, p. 5.

[2] Leonard Dep., pp. 282-83, 289, 291.

employment circumstances, such as work history and company policies, applicable to the plaintiff and the intended comparable employees in determining whether they are similarly situated." *Clem v. Reno*, 1998 U.S. Dist. Lexis 5331, * 24-25 (S.D. Ala. 1998).

In this case, the relevant employment circumstances are (1) the availability of the stacker position; (2) that fact that both employees wanted the job; and (3) the fact that both employees were qualified for the job. Also relevant is the fact that Haisten, a white employee, was given the job while Plaintiff, an African-American, was not. For purposes of this racial discrimination claim, the fact that Haisten is allegedly not disabled is not dispositive as to whether Haisten is similarly situated to Plaintiff because Plaintiff's disability does not affect his ability to perform this job that does not require swing shift work. Accordingly, the court finds that Haisten is a proper comparator, and that Plaintiff has shown a genuine issue of material fact as to his *prima facie* case of race discrimination.

### 2. Defendant's legitimate, non-discriminatory reasons for its conduct.

Because Plaintiff has established a *prima facie* case, the burden then shifts to the defendant to produce evidence that its actions were due to legitimate, non-discriminatory reasons. *See Texas Dep't. of Community Affairs v. Burdine*, 450 U.S. 248, 254 (1981). "The defendant need not persuade the court that it was actually motivated by the proffered reasons. It is sufficient if the defendant's evidence raises a genuine issue of material fact as to whether it discriminated against the plaintiff." *Id*., internal citation omitted. However, "[i]t is possible for the defendant to present such strong evidence of a nondiscriminatory rationale that summary judgment is warranted." *Brown v. American Honda Motor Co., Inc.*, 939 F.2d 946, 950 (11th Cir. 1991).

Defendant claims that Plaintiff was not qualified to perform the essential functions of any available position at the facility in September 2003. Defendant offers evidence to show that Haisten worked as a stacker repairman since the summer of 2002 - almost a year prior to Plaintiff's departure from the company.[3] Defendant concludes that this position was, therefore, not available to Plaintiff, and that the only positions that were available required that the employee be able to work a rotating shift schedule, which Plaintiff's medical condition precluded him from doing. Consequently, Defendant argues that it placed Plaintiff on disability based on legitimate, non-discriminatory reasons.

Even if Defendant has met its burden of showing legitimate, non-discriminatory reasons for its conduct, Plaintiff has the opportunity to rebut these reasons by offering evidence to show the proferred reasons were a pretext to mask intentional discrimination. As discussed below, Plaintiff has satisfied this burden.

### 3. Pretext.

Plaintiff counters that Defendant's proferred reason for not placing him in the stacker repairman position - because it had been filled by Haisten for a year - is a pretext to mask intentional discrimination. Once Defendant carries its burden to articulate a legitimate, non-discriminatory reason for firing Plaintiff, the burden then shifts to Plaintiff to prove by a preponderance of the evidence that the reason offered by Defendant was a mere pretext for discrimination. *Burdine*, 450 U.S. at 253.

The record indicates a genuine issue of fact as to whether Haisten was permanently employed in the stacker repair position in September 2003. Bill Genet, the production manager,

---

[3] Laney Decl. ¶ 43.

testified that Haisten was placed in that job in a temporary position, and had not been permanently placed there as of the August 29, 2003 meeting with Plaintiff.[4] Furthermore, Defendant's Statement of Position Letter to the EEOC and Defendant's Responses to Plaintiff's Interrogatories constitute evidence that a stacker repair position was available at the time Plaintiff was placed on disability.[5]  This evidence is sufficient to create a genuine issue of fact as to Defendant's legitimate, non-discriminatory reasons for its conduct and/or pretext.  Defendant's Motion for Summary Judgment as to Count One's racial discrimination claims is, therefore, **DENIED**.

## CONCLUSION

The court finds that the Motion to Dismiss is due to be **GRANTED in part and DENIED in part**.  Specifically, Defendant's Motion as to Count One's racial harassment claim under Title VII and Count Two's disability claim under the Americans with Disabilities Act is **GRANTED**.  Defendant's Motion to Dismiss as to all other claims is **DENIED**.

The court also finds that Defendant's Motion for Summary Judgment is due to be **GRANTED in part and DENIED in part**.  Specifically, Defendant's Motion as to Count One's racial harassment claim under 28 U.S.C. § 1981, Count Three's age discrimination claim under 29 U.S.C. § 621, and Count Four's age discrimination claim under Ala. Code § 25-12-22 is **GRANTED**.  Defendant's Motion as to Count One's racial discrimination claims under Title VII and 28 U.S.C. § 1981 is **DENIED**.

DONE and ORDERED this 8th day of November, 2005.

---

[4] Genet Dep., pp. 46-55.

[5] Pl.'s Ex. 2, p. 3; Pl.'s Ex. 3, p. 5.

<mark>_____</mark>
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE

<mark>18</mark>